IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | **8:21-CR-265** |
| vs. | |
| RODRIGO CASTILLO, Defendant. | **ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE** |

This matter is before the Court on defendant Rodrigo Castillo's *pro se* Motion for Sentence Reduction Pursuant [to] 18 U.S.C. § 3582(c)(2) and Amendment 821. Filing 112. The defendant invokes Amendment 821 to the United States Sentencing Guidelines, which changed the "status points" provision in U.S.S.G. § 4A1.1 to attribute only 1 criminal history point to a defendant who has otherwise received 7 or more points under § 4A1.1 and who committed the instant offense while under any criminal justice sentence. The defendant argues that "[a]s per the New Amendment, the 'Status Points' Amendment, the Petitioner's Criminal History Category must decrease because of removing the applicable Criminal History Points that are the result of being on probation or parole." Filing 112 at 2. The defendant asserts that he "qualifies for the Status Points Reduction as he was on Probation at the time of the current offense." Filing 112 at 3. The Court has already determined that the defendant is not entitled to relief under Amendment 821. Filing 108. As both the Court and the United States Probation Office have already explained,

> The defendant was assessed 1 criminal history point at sentencing, so he does not qualify as a 'zero-point offender' under USSG § 4C1.1. Additionally, the criminal history "status points" were not applied in this case. The defendant is therefore not eligible for a sentence reduction under Amendment 821.

Filing 108 at 1 (quoting Filing 106). The Court therefore again denies the defendant's requested relief. Accordingly,

IT IS ORDERED that the defendant's Motion for Sentence Reduction Pursuant [to] 18 U.S.C. § 3582(c)(2) and Amendment 821, Filing 112, is denied.

Dated this 7th day of August, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge